UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WOLF RUN HOLLOW, LLC,

    Plaintiff,

    v.

STATE FARM BANK, F.S.B.,

    Defendant.

No. 12 C 9449
Judge James B. Zagel

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wolf Run Hollow, LLC ("Plaintiff") has brought this action against State Farm Bank, F.S.B. ("Defendant") for patent infringement, seeking injunctive relief and monetary damages. Currently before the Court is Defendant's motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant's motion is granted without prejudice, and Plaintiff is granted leave to file an amended complaint.

The Complaint alleges, without dispute, that Plaintiff owns United States Patent No. 6,115,817 ("'817 patent"), and that Defendant operates a secure online portal for its customers. Plaintiff then (1) generally asserts that Defendant has infringed the '817 patent by "facilitating secure interaction with its customers and website users through its online portal," and (2) specifically illustrates "one way this [infringement] is practiced" by alleging detailed facts related to Defendant's online portal. *Complaint, p. 4, ¶ 11-12*.

Defendant now moves the Court to dismiss Plaintiff's complaint for failure to state a claim. When considering a motion to dismiss for failure to state claim, the court treats all well-pleaded allegations as true, and draws all reasonable inferences in plaintiff's favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Factual allegations must be enough to raise a right to relief above the speculative level, that is, the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action.  *Id.*

As an alternative to dismissal, Defendant asks the Court to permit only limited and expedited discovery, pursuant to an early non-infringement summary judgment motion.  As an alternative to denying Plaintiff's motion to dismiss, Plaintiff asks the Court for leave to amend the Complaint.

Defendant has persuasively argued that Plaintiff's specific facts alleged within ¶ 11-12 the Complaint's illustration of infringement, assumed to be true, actually *disprove* infringement.  Plaintiff alleges that Defendant secures communication on its online portal through a "public-key encryption based on Secure Sockets Layer technology." *Complaint, Exhibit B at 2*.  Secure Sockets Layer ("SSL") technology is prima facie distinguishable from the '817 patent process, as SSL "is performed by the sender's *existing* web browser" rather than by "software *transmitted* to the sender by the recipient," as is contemplated by Plaintiff's patent.

Plaintiff does not address the substance of this apparent defect.  Rather, Plaintiff asserts that the exact method described in the ['817] patent is "not exhaustive and does not limit the invention to the precise form disclosed."  Plaintiff urges that there are therefore "additional ways for Defendant to have breached the patent," even though Plaintiff concedes "Defendant does not transmit security software."  Pointing to the liberal pleading standard of Fed. R. Civ. P. 8, Plaintiff asserts that their claim is adequate to put Defendant on notice and that Defendant is

attempting to try the merits of the case at a procedurally inappropriate time.

To survive a motion to dismiss, however, a complaint must contain enough facts to make Plaintiff's claim plausible on its face and raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 555; *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir.2008). "Facial plausibility" is achieved when a court can draw a "reasonable inference that the defendant is liable" from the facts alleged. *Iqbal,* 129 S.Ct. at 1949; *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009).

Stripped of the its self-defeating specific illustration, Plaintiff's complaint amounts to (1) a claim of patent ownership; (2) an allegation that Defendant is communicating with clients through a ubiquitous internet security protocol; and (3) the assertion of the legal conclusion that infringement *must* have occurred in some unspecified manner. To the Court, the mere act of operating a web portal does not permit a "reasonable inference" of infringement of Plaintiff's specific patent. This is especially true given that the few specific details known to the Court about Defendant's web portal's operations – the use of SSL technology – facially suggest it does *not* trespass upon the '817 patent's metes and bounds as described in the briefs.

Given the anemic foundation of factual allegations within, the Complaint does not permit a reasonable inference of infringement. Accordingly, Defendant's motion to dismiss the Complaint is granted. I grant the motion without prejudice, however, and Plaintiff is granted leave to file an amended complaint to attempt to cure the deficiency in the first. The Court reminds Plaintiff that they must allege facts which are (1) distinguishable from the facts already alleged and (2) when assumed to be true, are sufficient to permit an inference of infringement.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted without prejudice.

Plaintiff is granted leave to file an amended complaint on or before January 10, 2014.

Defendant's motion for limited expedited discovery and early summary judgment is entered and continued.

ENTER:

James B. Zagel
United States District Judge

DATE: November 26, 2013